## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TRACY DEAN STEPHENSON, | ) | Case No. 19-13565 MER |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| SECURITY STATE BANK & TRUST, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. _____ |
| | ) | |
| TRACY DEAN STEPHENSON, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Security State Bank & Trust ("Bank"), by and through its attorneys, Shapiro Bieging Barber Otteson LLP, hereby complains against Debtor, Tracy Dean Stephenson ("Debtor"), as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Debtor Stephenson is an individual allegedly residing at 1770 Chestnut Place #412, Denver, Colorado 80202, when this case was filed.  According to a Notice of Change of Address, Debtor now resides at 695 Ancient Oaks Drive, Marble Falls, Texas 78654.

2.      Debtor filed for relief under Chapter 7 of the Bankruptcy Code on April 29, 2019.

3.      This Court has jurisdiction over this Adversary Proceeding pursuant to Fed. R. Bankr. P. 7001, 11 U.S.C. § 523 and 28 U.S.C. §§ 1334 and 157.

4.      Bank seeks the remedies set forth herein pursuant to 11 U.S.C. § 523(a).

5.      Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

### GENERAL ALLEGATIONS

6.      Bank made a loan (the "Loan") to Debtor on February 10, 2011 for $60,000.00, which is evidenced by, among other things, a promissory note, a copy of which is attached as **Exhibit 1**.

7.     To secure the loan, Debtor executed a Consumer Security Agreement, a copy of which is attached as **Exhibit 2**, granting Bank a first position security interest in a 1965 Shelby Cobra (the "Shelby").  Attached as **Exhibit 3** is the title to the Shelby which Debtor delivered to Bank; the original title remains in Bank's possession.

8.     Since 2011, Bank and Debtor renewed the Loan 10 times on the following dates: March 7, 2012; May 11, 2015; October 3, 2012; June 15, 2016; April 11, 2013; April 11, 2014; August 11, 2014; June 15, 2017; and September 18, 2018.  Each renewal was evidenced by a revised Promissory Note reflecting the then current balance, interest rate, repayment terms and maturity date and an additional Commercial Security Agreement.  True and correct copies of the most recent September 18, 2018 Promissory Note and Consumer Security Agreement are attached as **Exhibits 4** and **5**.

9.     Further, attached as **Exhibit 6** is the written application and financials dated February 1, 2017, signed by Debtor, in which Debtor again affirms ownership of the Shelby.

10.     Debtor represented to Bank in each Commercial Security Agreement that:  (a) the property subject to the Commercial Security Agreement was the Shelby; (b) Debtor owned the Shelby; (c) the Shelby was free and clear of loans, liens and other similar encumbrances; and (d) that Debtor would not sell, transfer or otherwise dispose of the Shelby.

11.     As recently as February 1, 2017, Debtor presented the Bank with a signed Consumer Loan Application describing the Shelby as collateral for the Loan in connection with the extension.

12.     According to Debtor's Schedules, Statement of Financial Affairs and his testimony at the First Meeting of Creditors, he does not own, and may never have owned, the Shelby, contrary to his many oral and written representations to Bank in connection with the Loan.  If Debtor owned the Shelby but disposed of it, then he did so in derogation of Bank's security interest.

13.     As of July 22, 2019, amount due from Debtor on the Loan, exclusive of collection costs, is:

| | |
|---|---|
| Principal: | $43,308.71 |
| Interest: | $4,095.81 |
| Total: | $47,404.52 |

## FIRST CLAIM FOR RELIEF
(Determination of Dischargeability Under Bankruptcy Code §523(a)(2)(A))

14.     The allegations of all paragraphs are incorporated herein.

15.     Debtor obtained money or an extension, renewal or refinancing of credit from Bank by false pretenses, false representations, and fraud.

16.     Bank relied on the representations by Debtor and advanced funds to him and refinanced credit to him.

17.     Bank's reliance on Debtor's representations was reasonable.

18.     The unpaid balance of the loan, including reasonable attorney's fees and costs, is a non-dischargeable debt under Bankruptcy Code § 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF
(Determination of Dischargeability Under Bankruptcy Code § 523(a)(2)(B))

19.     The allegations of all paragraphs are incorporated herein.

20.     Debtor obtained money, or an extension, renewal or refinancing of credit from Bank by use of a statement in writing: (a) that is materially false; (b) respecting Debtor's financial condition; (c) on which Bank relied; and (d) that Debtor published with intent to deceive.

21.     The unpaid balance on the loan, including reasonable attorney's fees and costs, is a non-dischargeable debt under Bankruptcy Code § 523(a)(2)(B).

## THIRD CLAIM FOR RELIEF
(Determination of Dischargeability Under Bankruptcy Code §523(a)(6))

22.     The allegations of all paragraphs are incorporated herein.

23.     In the alternative, if Debtor sold, transferred, has hidden or otherwise disposed of Shelby, then the resulting damage to Bank is due to willful and malicious injury by Debtor and the Loan balance is non-dischargeable under Bankruptcy Code §523(a)(6).

## PRAYER

WHEREFORE, Security State Bank & Trust prays for judgment against Debtor as follows:

A.      A determination that the amounts owing under the Loan are non-dischargeable under Bankruptcy Code § 523(a)(2);

B.      In the alternative, determination that the damages to Bank are non-dischargeable under Bankruptcy Code § 523(a)(6); and

C.      Such other and further relief as may be warranted.

DATED this 5th day of August, 2019.

**SHAPIRO BIEGING BARBER OTTESON LLP**

By: _/s/Duncan E. Barber_

Duncan E. Barber, #16768
Julie Trent, #17086
7979 E. Tufts Ave., Suite 1600
Denver, CO 80237
Telephone:  (720) 488-0220
Facsimile:  (720) 488-7711
Email:  dbarber@sbbolaw.com;
     jtrent@sbbolaw.com
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned certifies that on August 5, 2019, I served a complete copy of the COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT via the courts EM/CEF filing system and via U.S. Mail as indicated:


Via US Mail:
Tracy Dean Stephenson
695 Ancient Oaks Drive
Marble Falls, TX 78654

Via CM/ECF
Todd R. Wagner
3959 E. Arapahoe Road, Suite 200
Centennial, CO 80122
*todd@wagnerlawofficepc.com*

Aaron J. Conrardy
Aaron A. Garber
2580 W. Main Street, Suite 200
Littleton, Co 80120
*aconrardy@wgwc-law.com*
*abarber@wgwc-law.com*

M. Stephen Peters
Chapter 7 Trustee
Box 4610
Frisco, CO 80443

Paul Moss
Byron G. Rogers Federal Building
1961 Stout St, Ste 12-200
Denver, CO 80294
*Paul.Moss@usdoj.gov*

US Trustee
Byron G Rogers Federal Building
1961 Stout Street, Ste 12-200
Denver, CO 80294

        Mary Anne Lenzi